**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

PAUL CIBELLI, JR.,

        Petitioner,

v.

BRUCE DAVIS, et al.,

        Respondents.

Civil Action No. 19-13664 (MAS)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    Currently before the Court is Petitioner Paul Cibelli, Jr.'s motion requesting that this matter be stayed pending the outcome of an investigation into his case by New Jersey's Conviction Review Unit ("CRU"). (ECF No. 42.) In that motion, Petitioner informs the Court that the DNA evidence presented in his criminal trial is currently under review by the CRU, which reviews closed criminal cases for evidence of actual innocence, that a Deputy Attorney General has been assigned to investigate the issues in Petitioner's case, and that this review could ultimately result in the vacation of Petitioner's criminal conviction if the CRU determines relief is warranted. (ECF No. 42-1 at 1-23.) Petitioner therefore requests that this matter be stayed pending the outcome of that investigation as the results may result in this matter becoming moot in the event Petitioner receives relief. (*Id.*) Respondents filed a letter response to this motion stating that they took no position as to Petitioner's request. (ECF No. 43.)

    "A federal court has inherent power to stay a case pending the outcome of a related proceeding." *Coombs v. Diguglielmo*, No. 04-1841, 2004 WL 1631416, at *1 (E.D. Pa. July 21,

2004); *see also Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 541-42 (D.N.J. 2008) (the "power to stay a proceeding is derived from the inherent power of a court to efficiently manage its own docket"). This inherent power authorizes district courts to stay habeas matters where doing so would not be in conflict with the inherent gatekeeping requirements of the relevant habeas statute – such as in the case where pending state proceedings or an upcoming court decision would have a direct and meaningful effect upon the outcome of the habeas litigation. *See, e.g., Rhines v. Weber*, 544 U.S. 269, 278 (2005) (court may stay mixed petition to permit exhaustion in state court under certain circumstances); *In re Keys*, 692 F. App'x 92, 93 (3d Cir. 2017) (noting the propriety of staying a habeas proceeding in light of imminent, forthcoming, relevant appellate decision).

Here, Petitioner requests a brief stay while his request for relief from the state's CRU is pending investigation. Although the investigation and evidence produced by the CRU may well be beyond the limited scope of this habeas matter, *see generally Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (§ 2254(d)(1) habeas review "is limited to the record that was before the state court that adjudicated the claim on the merits"), a potential decision in Petitioner's favor by the CRU could potentially result in his receiving relief from his conviction and the obviation of a need for a decision in this matter. As such, this Court finds that a stay in this matter is warranted and this matter shall be stayed pending the outcome of the CRU investigation.

This Court having reviewed Petitioner's motion, and for good cause shown,

**IT IS** on this 2nd day of June, 2021, **ORDERED** that:

1. Petitioner's motion seeking a stay pending the outcome of the CRU investigation (ECF No. 42) is **GRANTED**;

2. This matter is **STAYED** pending the outcome of the CRU investigation;

3. Counsel for Petitioner shall inform this Court of the outcome of the CRU investigation within thirty days of the release of a decision by the CRU;

4. Upon receiving such notice from counsel, this Court will re-open this matter; and

5. The Clerk of the Court shall serve a copy of this Order upon the parties electronically, and shall administratively terminate this matter.

s/Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**